1

2                          UNITED STATES DISTRICT COURT

3                         NORTHERN DISTRICT OF CALIFORNIA

4

5    **TOM HUSSEY PHOTOGRAPHY LLC AND**          CASE NOS. 20-cv-08197-YGR
     **TOM HUSSEY,**
6                                                **ORDER GRANTING IN PART AND DENYING**
                    Plaintiffs,                  **IN PART MOTION TO DISMISS FIRST**
7                                                **AMENDED THIRD-PARTY COMPLAINT**
          vs.
8                                                Re: Dkt. No. 52
     **FAMILY MATTERS IN-HOME CARE LLC,**
9
                    Defendant,
10

11   **FAMILY MATTERS IN-HOME CARE LLC,**

12                  Third-Party Plaintiff,

13        vs.

14   **JAMES BOWEN AND RIPEN DIGITAL LLC,**

15                  Third-Party Defendants.

16          Currently pending is the third-party defendants' motion to dismiss the amended third-party

17   complaint.  (Dkt. No. 52.)  Having carefully considered the amended pleading and the briefing on

18   the motion, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

19          Plaintiffs Tom Hussey Photography LLC and Tom Hussey filed this action against

20   defendant Family Matters In-Home Care LLC, asserting causes of action for copyright

21   infringement and violations of Hussey's right of publicity.  (Dkt. No. 1.)  Plaintiffs allege that

22   Family Matters' website featured plaintiffs' copyrighted photographs and a video of Hussey being

23   interviewed about the same without permission and for the commercial purpose of promoting its

24   in-home health care services.  (*Id.* ¶¶ 18–25.)

25          In turn, Family Matters answered the complaint (Dkt. No. 27) and filed a third-party

26   complaint against third-party defendants James Bowen and Ripen Digital LLC, asserting causes of

27   action for contribution, indemnity, and declaratory relief (Dkt. No. 28).  Family Matters alleged

28   that it contracted with the third-party defendants to manage the content of its website and therefore

United States District Court
Northern District of California

they are the ones responsible for any claimed copyright infringement and infringement of the right to publicity. (*Id.* ¶¶ 16, 24.)  The third-party defendants moved to dismiss "on the grounds there exists no right to contribution or indemnification under federal copyright law or Plaintiff Mr. Tom Hussey's preempted right to publicity." (Dkt. No. 39.)  Family Matters conceded that "neither the Copyright Act or federal common law contemplates a claim for indemnification or contribution." (Dkt. No. 44 at 5.)  However, Family Matters requested leave to amend the third-amended complaint to state the applicable causes of action for breach of contract. (*Id.*)  The Court granted the motion to dismiss the third-party complaint with leave to amend. (Dkt. No. 48.)

Family Matters then filed its amended third-party complaint ("ATPC"), asserting causes of action for (1) breach of express contract; (2) breach of implied contract; (3) breach of implied covenant of good faith and fair dealing; (4) misrepresentation; (5) negligence; and (6) violation of California unfair competition law ("UCL"). (Dkt. No. 49.)  Family Matters now alleges that Ripen agreed it "would not incorporate third-party copyrighted works into work performed by it for Family Matters." (ATPC ¶ 17 (citing Ex. A, Dkt. No. 50).)  The ATPC attaches the written "Optional Service Terms," which allegedly governed Family Matters' contractual relationship with the third-party defendants and provides that "Freelancer represents and warrants that Freelancer will not incorporate or use the materials of any third party including those of any other client or any employer, in performing the Freelancer Services that are not generally available for use by the public or have not been legally transferred to the Client." (Ex. A, § 6.1 ("Third-Party Rights").)  Family Matters therefore alleges that by posting plaintiffs' copyrighted photos and Hussey's interview, the third-party defendants "caused and/or contributed to any claimed copyright infringement and infringement of the right to publicity." (ATPC ¶¶ 19, 26.)

Now pending is the third-party defendants' motion to dismiss the amended third-party complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 52.)  The motion raises seven grounds for dismissal.

First, the third-party defendants contend that a Rule 14 third-party complaint is limited to causes of action for indemnification and contribution, and because Family Matters conceded that it could not seek indemnity or contribution under the Copyright Act or federal common law, the

2

ATPC should be dismissed.  However, Rule 14 is not so limited.  Rule 14(a) provides that: "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a).  "The purpose of . . . rule [14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim."  *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).  "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative."  *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).[1]  While the traditional grounds for a third-party action are indemnification or contribution, which inherently seek derivative liability, Rule 14 does not foreclose other types of claims in a third-party complaint.  *See e.g., Campen v. Greenamyer*, 940 F.2d 1533, 1991 WL 148750, at *5 (9th Cir. Aug. 5, 1991) (unpublished) ("[W]e have never held that such derivativeness must take the form of an indemnity or contribution claim.") (affirming shift of liability based on breach of contract theory); *see also Raines v. Steve Junge Installations, LLC*, No. 20-CV-1291 (JRT), 2021 WL 533691, at *4 (D. Minn. Feb. 12, 2021) ("To satisfy Rule 14(a), third-party plaintiffs often assert causes of action for indemnity or contribution, but impleader doctrine is not limited to those types of claims.") (citation omitted); *Doucette v. Vibe Records, Inc.*, 233 F.R.D. 117, 120 (E.D.N.Y. 2005) ("Generally, the traditional grounds for a third-party action are indemnification, contribution, or subrogation.  This general rule is only a result of the nature of the claims for contribution, subrogation and indemnification, which inherently seek secondary liability, but does not foreclose other types of claims in a third-party complaint.") (citations omitted).[2]  Accordingly, the motion to dismiss the ATPC is **DENIED** on this

---

[1] *See also* 6 Wright & Miller, *Fed. Prac. & Proc.* § 1446 (3d ed.) ("A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party.  The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or *some other theory*.") (emphasis supplied).

[2] While the third-party defendants cite a litany of cases for the proposition that "[i]n order

3

1    ground.

2          Second, the third-party defendants argue that Family Matters does not allege any facts for a

3    cause of action against James Bowen.  The Court agrees.  While the ATPC alleges that Family

4    Matters hired Bowen and Ripen Digital to maintain its website (ATPC ¶ 16), the rest of the

5    pleading goes on to allege conduct taken specifically by Ripen (*Id.* ¶¶ 17–20), collectively by

6    third-party defendants (*Id.* ¶¶ 26–57), but never specifically by Bowen.  That the ATPC

7    specifically alleges that any act done by third-party defendants generally is intended to allege that

8    the same act was also committed by the third-party defendants separately (*Id.* ¶ 13), does not

9    remedy this pleading deficiency.  Because Family Matters responds that it can allege additional

10   facts supporting its claims against Bowen (Opp. at 9), the motion to dismiss James Bowen as a

11   third-party defendant is GRANTED WITH LEAVE TO AMEND.

12         Third, the third-party defendants move to dismiss the cause of action for breach of express

13   contract for failure to plead the allegedly breached contract terms, lawful consideration, and

14   damages.  These asserted grounds for dismissal do not persuade.  The ATPC attached the written

15   "Optional Service Terms," which Family Matters alleges "govern[ed] the parties' relationship if

16   Family Matters retained Ripen's services," and points specifically to Ripen's promise therein not

17   to incorporate third-party copyrighted works into work performed by it for Family Matters.

18   (ATPC ¶ 17.)  Thus, the ATPC identified the allegedly breached contract terms.  Moreover, while

19   "[a] bargain, the sole consideration of which is refraining or promising from committing a crime

20   or tort, or from deceiving or wrongfully injuring the promise or a third-party, is illegal," *Schaefer*

21   *v. Williams*, 15 Cal. App. 4th 1243, 1247 (1993) (citing Restatement (First) of Contracts § 578

22   (1932)), the agreement not to infringe upon third-party rights is not the sole consideration for the

23   alleged contracts at issue.  (ATPC, Ex. A.)  Thus, the ATPC does not fail to plead lawful

24

25   _____

26   to be proper under Rule 14, a third-party complaint must be in the nature of indemnification and/or
     contribution" (Mtn. at 3), these cases cannot be reasonably interpreted as strictly limiting Rule
27   14(a) claims to indemnification and contribution.  Moreover, the third-party defendants'
     contention that the Court limited Family Matters to asserting contractual indemnification is not
28   well taken.  The Court made no such statement or suggestion in its order granting leave to amend.

United States District Court
Northern District of California

consideration, as the third-party defendants argue.[3]  Finally, in light of the derivative nature of the third-party action, the ATPC's allegation that the third-party defendants' breach caused Family Matters to "suffer[ ] special, actual, consequential, compensatory and/or nominal damages in amounts to be determined at trial" is sufficient to withstand a motion to dismiss under Rule 8.  (*Id.* ¶ 31.)  *See Israel v. Campbell*, 163 Cal. App. 2d 806, 816 (1958) ("Uncertainty as to the fact of damage, that is, as to the nature, existence or cause of the damage, is fatal.  But the same certainty as to the amount of the damage is not required.  An innocent party damaged by the acts of a contract violator will not be denied recovery simply because precise proof of the amount of damage is not available.").  Accordingly, the motion to dismiss the cause of action for breach of express contract is **DENIED**.

Fourth, the third-party defendants move to dismiss the cause of action for breach of implied contract for failure to allege conduct that manifested an implied contract.  While the allegations for the breach of implied contract claim are largely duplicative of the breach of express contract claim (*compare* ATPC at ¶¶ 27–31, *with id.* ¶¶ 32–36), Rule 8 explicitly allows the pleading of different theories of relief in the alternative, even if those theories are inconsistent. Fed. R. Civ. P. 8(d) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically. . . .  A party may state as many separate claims or defenses as it has, regardless of consistency.").  However, the ATPC does not, in fact, plead the express contract and implied contract claims in the alternative.  Accordingly, the motion to dismiss the cause of action for breach of implied contract is **GRANTED WITH LEAVE TO AMEND**.

Fifth, the third-party defendants move to dismiss the breach of implied covenant of good faith and fair dealing because Family Matters has not properly alleged a contract as previously argued and because such action is "superfluous" in light of the contract cause of action.  (Mtn. at

---

[3]  The third-party defendants also contend that the express contract claim cannot proceed on the basis of a breach of the Optional Service Terms' Section 6.2 requiring the "Freelancer [to] disclose . . . any Background Technology which Freelancer proposes to incorporate into Work Product" because the ATPC does not allege a failure to disclose.  (Ex. A, § 6.2.)  However, they ignore that Family Matters does not proceed on this theory but on the immediately preceding provision in which the "Freelancer represents . . . that [it] will not incorporate or use the materials of any third party . . . that are not generally available for use by the public or have not been legally transferred to the Client."  (ATPC ¶ 17.)

United States District Court
Northern District of California

11 (citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 327 (2000) ("[W]here breach of an actual term is alleged, the implied covenant cause of action will be superfluous with the contract cause of action.").)  While the Court has found a sufficiently pleaded contract as stated above, the Court finds that the cause of action for breach of implied covenant of good faith and fair dealing is duplicative.  The Court notes that a claim for breach of the implied covenant of good faith and fair dealing is not duplicative of a breach of contract claim when a plaintiff alleges that the defendant acted in bad faith to frustrate the benefits of the alleged contract.  *See Guz*, 24 Cal. 4th at 353 n.18. However, Family Matters only conclusorily alleges bad faith here.  (ATPC ¶ 41 ("By performing the acts set above, Third-Party Defendants acted with willful malfeasance, bad faith, gross negligence and/or reckless disregard of their obligations and duties under the Contract.").) Because the pleading fails to demonstrate that the alleged misuse of copyrighted works was prompted by bad faith, the motion to dismiss this cause of action is **GRANTED WITH LEAVE TO AMEND**.

Sixth, the third-party defendants move to dismiss the cause of action for intentional misrepresentation for failing to comply with Rule 9(b)'s particularity requirement.  This argument does not persuade.  Under Rule 9(b), a party must "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

Here, the ATPC alleges:

In connection with the negotiation of the contract, Third-Party Defendants represented to family Matters, via the written Optional Service Terms, that Ripen would not incorporate third-party copyrighted works into work performed by it for Family Matters.

Family Matters reasonably relied upon these representations and others made by Third-Party Defendants as a basis for entering into the agreement and said representations were incorporated into the terms of the agreement.

Family Matters is now informed and believes that when Third-Party Defendants made these representations, they had no intention of fulfilling them.

Family Matters is now informed and believes that Third-Party Defendants' false

United States District Court
Northern District of California

statements were intentional and made with the specific intent to convince it to enter into the agreement and hire Third-Party Defendants.

Had Family Matters been aware that Third-Party Defendants would not satisfy their obligations under the terms of the Optional Service Terms as promised, Family Matters would not have entered into the agreement to hire Third-Party Defendants.

(ATPC ¶¶ 44–48.)  These allegations demonstrate, with sufficient particularity, the circumstances constituting the fraud, namely, that Ripen and/or Ripen's founder and principal member Bowen agreed not to incorporate third-party copyrighted material into work performed for Family Matters but had no intention to fulfill this promise at the time it was made.  These allegations are adequate for Rule 9(b) purposes.  Accordingly, the motion to dismiss the cause of action for intentional misrepresentation is **DENIED**.

Seventh, the third-party defendants move to dismiss the cause of action for negligence for failure to allege a legal duty independent of the alleged contractual obligation.  "Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 515 (1994).  Here, the ATPC's negligence cause of action alleges that "Third Party Defendants owed Family Matters a duty of care to perform the services they agreed to provide to Family Matters with reasonable care and without incorporating the materials owned by a third party, including those of any other client or any employer, in performing their Services" and that "Third-Party Defendants breached their duty owed to Family Matters by failing to obtain the legal right to post either the Reflection Series photos or the CNN interview of Tom Hussey prior to posting them on Third-Party Plaintiff's website."  (ATPC ¶¶ 51–52.)  Family Matters does not plead any duty independent of the alleged contractual obligation.  Accordingly, the motion to dismiss the cause of action for negligence is **GRANTED WITH LEAVE TO AMEND**.

Finally, the third-party defendants move to dismiss the UCL cause of action for (i) failure to comply with Rule 9(b)'s particularity requirement and (ii) for lack of standing based on a purported failure to allege economic injury.  While the ATPC generally alleges that "it is unfair, fraudulent and unlawful within the [UCL] for Third-Party Defendants to have engaged in the conduct set forth above" (*Id.* ¶ 56), Family Matters clarifies that its UCL claim is based on the

alleged misrepresentation.  (Opp. at 18.)  Having found the misrepresentation claim adequately pled, the Court rejects the first challenge to the UCL claim.  With respect to the standing challenge, the third-party defendants acknowledge that Family Matters "demands restitution of monies wrongfully retained by Third-Party Defendants" (ATPC ¶ 57) but argues that it fails to provide details about said monies or how they resulted from any unlawful conduct.  To have standing to bring a claim under the UCL, a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, *i.e.*, economic injury; and (2) show that economic injury that economic injury was the result of, *i.e.*, caused by, the unfair business practice or false advertising that is the gravamen of the claim."  *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011); *see* Cal. Bus. & Prof. Code § 17204 (under the UCL only a "person who has suffered injury in fact and has lost money or property as a result of the unfair competition" has standing to bring an action for relief).  For purposes of the misrepresentation claim, which is the asserted basis for the UCL cause of action, the ATPC alleges that "[h]ad Family Matters been aware that Third-Party Defendants would not satisfy their obligations under the terms of the Optional Service Terms as promised, Family Matters would not have entered into the agreement to hire Third-Party Defendants."  (ATPC ¶ 48.)  Construing the ATPC in the light most favorable to Family Matters as it must under Rule 12(b)(6), the Court infers that the "monies wrongfully retained" refers to the sum paid to Ripen to manage the Family Matters website.  This loss of money is sufficient to satisfy the economic injury requirement.  Accordingly, the motion to dismiss the UCL cause of action is **DENIED**.

In light of the foregoing, the motion to dismiss the ATPC is **GRANTED IN PART AND DENIED IN PART**.[4]  Within **fourteen (14) days** of the date of this Order, Family Matters shall file

---

[4]  The Court declines to entertain the third-party defendants' request for sanctions in reply.  (Reply at 8–9.)  Even were it to be considered, the basis for the request does not persuade.  According to the third-party defendants, Family Matters' statement in opposition that it only brings this third-party action because it "is being sued by Plaintiffs for wrongs committed solely by third-party defendants" demonstrates that the ATPC is frivolous.  However, while "a third party claim is not appropriate where the defendant and putative third party plaintiffs says, in effect, 'It was him, not me,'" such a claim is viable "where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff.'"  *Watergate Landmark Condominium Unit Owners' Assoc. v. Wiss, Janey,*

United States District Court
Northern District of California

8

an amended complaint in accordance with this Order and shall submit a redlined version of the same to the Court's proposed order e-mail inbox.

The third-party defendants shall have **fourteen (14) days** thereafter to respond to the filing.  If a motion to dismiss is filed, it may not contain any new argument which could have been brought in the instant motion and it may not repeat arguments rejected herein.

This Order terminates Docket Number 52.

**IT IS SO ORDERED.**

Dated: November 2, 2021

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

United States District Court
Northern District of California

---

*Elstner Assoc., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987).  An overall reading of the ATPC demonstrates that it is more accurately characterized as the latter, not the former.

9